IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TIMOTHY CLAUSEN, | ) | 8:13CV189 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DR. FOXALL, HUBBARD, | ) | |
| YEARLY, ROCCAFORTE, LT., | ) | |
| DOUGLAS COUNTY | ) | |
| CORRECTIONS, CITY OF | ) | |
| OMAHA, and OMAHA POLICE, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on its own motion. On October 22, 2013, the court conducted an initial review of Plaintiff's Complaint. (Filing No. 9.) The court determined that Plaintiff's allegations that he had been confined in administrative segregation without a reason or explanation failed to state a claim upon which relief may be granted. On the court's own motion, the court gave Plaintiff 30 days in which to amend his Complaint to clearly state a claim upon which relief may be granted. (*Id.*)

Plaintiff filed an Amended Complaint on October 29, 2013. (Filing No. 10.) Plaintiff's Amended Complaint also fails to state a claim upon which relief may be granted. First, Plaintiff has sued municipal defendants only.[1] A municipality may

---

[1]When a plaintiff fails to "expressly and unambiguously" state that a public official is sued in his or her individual capacity, the court "assume[s] that the defendant is sued only in his or her official capacity." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). "A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson*, 172 F.3d at 535. Thus, Plaintiff's claims against Defendants Foxall, Hubbard, Yearly, and Roccaforte in their official capacities are claims against their public employer.

only be liable under section 1983 if its "policy" or "custom" caused a violation of Plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Plaintiff has not alleged that a policy or custom caused a violation of his constitutional rights.

Second, Plaintiff has not made a due process challenge to his segregated confinement upon which relief may be granted. An inmate who makes a due process challenge to his segregated confinement must make a threshold showing that the deprivation of which he complains imposed an atypical and significant hardship. *Portley-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002). Plaintiff alleges that jail officials placed him in segregation, and informed him they were doing so because he had previously escaped from jail in 1995. Plaintiff argues this is not a "good enough reason" to place him in segregation. (Filing No. 10 at CM/ECF p. 3.) However, a demotion to segregation, even without cause, is not itself an atypical and significant hardship. *See Portley-El*, 288 F.3d at 1065; *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003); *see also Williams v. Norris*, 277 Fed.Appx. 647, 648 (8th Cir. 2008) (holding that an inmate's 12 years in administrative segregation confinement constituted an atypical and significant hardship); *Shoats v. Horn*, 213 F.3d 140, 144 (3d Cir. 2000) (holding that inmate's almost eight years in administrative custody was "atypical" and he had protected liberty interest); *Herron v. Schriro*, 11 Fed.Appx. 659, 661-62 (8th Cir. 2001) (unpublished per curiam decision) (affirming district court's finding that inmate's lengthy administrative segregation confinement, more than 13 years, resulted in atypical hardship in relation to ordinary incidents of prison life, and defendants could not continue to deprive inmate of general population status without affording him due process). Plaintiff has not set forth facts alleging that he suffered prolonged confinement in administrative segregation amounting to an atypical and significant hardship.

Third, to the extent Plaintiff argues that his placement in administrative segregation constituted cruel and unusual punishment, he misunderstands the Eighth Amendment requirement. The prohibition against cruel and unusual punishment is focused on the conditions of the administrative segregation, not on the reasons for placement there. *See Webb v. Hedrick,* 409 Fed.Appx. 33, 35 n.4 (8th Cir. 2010). Plaintiff does not allege that the conditions of the administrative segregation were unconstitutional. For these reasons, and for the reasons set forth in the court's October 22, 2013, Memorandum and Order, this matter will be dismissed.

IT IS THEREFORE ORDERED that:

1. For the reasons set forth in this Memorandum and Order and in the court's Memorandum and Order dated October 22, 2013, this matter is dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. The clerk's office is directed to place the "28USC1915(g)_STR" flag on this matter.

3. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 8th day of January, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.